**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| THANG QUOC VO,   ) | |
|     petitioner,   ) | |
| ) | Civil Action No. 1:05cv216 |
|     v.   ) | |
| ) | Criminal No. 1:03cr48 |
| UNITED STATES OF AMERICA,   ) | |
|     respondent.   ) | |

**ORDER**

The matter is before the Court on *pro se* petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Both petitioner and the government have fully briefed the issues raised in petitioner's motion and the matter is now ripe for disposition. Oral argument is dispensed with as the facts and legal contentions are adequately set forth in the existing record and oral argument would not aid the decisional process.[1]

**I.**

The record reflects that on September 25, 2003, a federal grand jury returned a three-count superseding indictment charging the petitioner and several co-conspirators with (i) conspiracy to affect commerce by robbery, in violation of the Hobbs Act, codified at 18 U.S.C. § 1951 (Count One), and (ii) unlawful use and carrying of firearms in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) and 2 (Counts Two and Three). At the time the superseding indictment was returned, petitioner was already serving a Virginia state sentence for his role in a

---

[1] *See United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required...on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

November 21, 2000 home invasion robbery,[2] which robbery was identified as one of the overt acts underlying the Hobbs Act conspiracy charged in Count One of the superseding indictment.[3]

On November 25, 2003, following an extensive Rule 11 plea colloquy, petitioner knowingly and voluntarily pled guilty to Count One of the superseding indictment pursuant to a written plea agreement with the government.  Petitioner also knowingly and voluntarily waived his right to an indictment and pled guilty to a one-count criminal Information charging him with unlawful possession of firearms in furtherance of a crime of violence — namely, attempt and conspiracy to commit a violent crime in aid of racketeering activity in violation of 18 U.S.C. § 1959 — all in violation of 18 U.S.C. § 924(c).

On February 20, 2004, petitioner was sentenced to a term of imprisonment of 64 months on Count One of the superseding indictment and 60 consecutive months on the criminal information, to be followed by five years of supervised release.  Petitioner did not appeal his sentence or convictions to the Court of Appeals for the Fourth Circuit, as he had waived his appeal rights as part of the plea agreement entered into with the government in this case.  Instead, on February 23, 2005, petitioner filed the instant motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, in which he essentially asserts four claims, namely (i) that the federal government lacks jurisdiction under the Hobbs Act to prosecute the robbery of an owner-occupied home, (ii) that there was no underlying crime of violence to support his guilty plea for a violation of 18 U.S.C. § 924(c), (iii) that his counsel provided ineffective assistance in the course of the plea and sentencing

---

[2] This state sentence was imposed on March 22, 2002, by the Fairfax County Circuit Court.

[3] Petitioner was taken into custody by United States Marshals on the instant case on October 6, 2003, and he has remained in federal custody since that date.  Petitioner was ultimately discharged from his state sentence on January 26, 2004.

proceedings, and (iv) that his sentence violated "Apprendi, Blakely and Booker."  The government has responded to the various claims raised in petitioner's § 2255 motion and the matter is now ripe for disposition.

**II.**

Petitioner's first § 2255 claim is that the federal government lacks jurisdiction under the Hobbs Act to prosecute the robbery of an owner-occupied home, as involved here.  The Hobbs Act prohibits interference with interstate commerce by threats or violence and provides, in pertinent part, as follows:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951.  There are two essential elements to a federal conviction under the Hobbs Act, namely (i) interference with interstate commerce and (ii) a crime of robbery, extortion or violence. *See United States v. Bailey*, 990 F.2d 119, 125 (4th Cir. 1993).  The jurisdictional requirement that the crime affect interstate commerce "is not to be narrowly construed nor is it 'limited to conduct which directly and immediately obstructs a particular movement of goods in interstate commerce' but covers any [relevant crimes] which in any degree may reasonably be regarded as affecting commerce."  *United States v. Spagnolo*, 546 F.2d 1117, 1118-19 (4th Cir. 1976).  Thus, the jurisdictional requirement may be met with only a minimal effect on interstate commerce.  *See United States v. Williams*, 342 F.3d 350, 354 (4th Cir. 2003);  *United States v. Fabian*, 312 F.3d 550, 554 (2nd Cir. 2002); *United States v. Billips*, 692 F.2d 320, 331 n.7 (4th Cir. 1982).  Indeed, "proof

of a reasonably probable effect on commerce, however[] minimal" is sufficient to bring a crime within the jurisdiction of the Hobbs Act. *Spagnolo*, 546 F.2d at 1119.

In light of these principles, it is clear that the government had federal jurisdiction under the Hobbs Act to prosecute petitioner for conspiracy to affect commerce by robbery in this instance where petitioner admitted that he and his co-conspirators targeted for home invasion robberies a number of Asian business owners, such as nail salon owners, with the knowledge or suspicion that those individuals would keep large sums of money derived from their businesses in their homes. A number of judicial decisions support this conclusion and no analogous case has been cited to the contrary.[4] It should also be noted that petitioner agreed in the Statement of Facts entered into as part of his plea agreement that "[t]he objects of these robberies, which include jewelry and business proceeds are articles used, bought and sold in interstate commerce...[and] [t]he robbery of these articles affected commerce and the movement of articles in commerce." Statement of Fact, ¶ 8. For these reasons, petitioner's jurisdictional challenge to his conviction on Count One of the superseding indictment is without merit.

### III.

Petitioner's second § 2255 claim is that his guilty plea for possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c), is not supported by an

---

[4] *See, e.g., United States v. Wilkerson*, 361 F.3d 717 (2nd Cir. 2004) (recognizing that the fact that a robbery takes place at a residence does not transform the crime from the robbery of a business into the random robbery of an individual so long as the evidence supports the conclusion that the robbery targeted the assets of a business); *United States v. Silverio*, 335 F.3d 183, 186 (2nd Cir. 2003) (finding Hobbs Act jurisdiction where defendant committed home invasion robbery of doctor who he believed kept substantial business proceeds at his home); *United States v. Jamison*, 299 F.3d 114 (2nd Cir. 2002) (affirming Hobbs Act conviction for attempted murder and robbery of a businessman at home where the effect of the robbery, if successful, would have depleted cash that the victim regularly used to purchase items in interstate commerce as inventory for his business).

underlying violent offense. In this regard, petitioner contends that he "committed no assault, no violent act." Yet, this assertion is clearly belied by the knowing and voluntary admissions made by petitioner in the Statement of Facts entered into as part of his plea agreement in this case,[5] as well as the statements made by petitioner under oath in the course of the plea colloquy.[6] Thus, petitioner's jurisdictional challenge to his § 924(c) conviction also fails.

### IV.

Petitioner's third § 2255 claim is that his counsel was ineffective in the course of the plea and sentencing proceedings, particularly in failing to raise a jurisdictional challenge to the offenses of conviction and in failing to raise objections to various sentencing enhancements applied to his offense level under the sentencing guidelines. A two-prong test applies to ineffective assistance of counsel claims. *See Strickland v. Washington*, 466 U.S. 668, 688-89 (1984); *U.S. v. Lurz*, 666 F.2d 69, 78 (4th Cir. 1981). Specifically, a petitioner must show, first, that counsel's performance "fell

---

[5] For example, the Statement of Facts provides that "[d]uring the trip to Virginia Beach in or about the winter of 2000, the defendant attempted and conspired to commit a crime of violence, to wit: assault with a dangerous weapon or assault resulting in personal injury, for the purpose of maintaining or increasing his position in the racketeering enterprise. The defendant's possession of the firearm were [sic] in furtherance of this offense." Statement of Facts, ¶ 11.

[6] For example, the following exchange took place in the course of the plea colloquy:

> THE COURT: I understand you didn't find him, and you didn't shoot him. But what I am asking you is: Did you and your friends go down there with these guns, intending to find this person and shoot him, if you could. You just — you didn't do it; is that right?
>
> THE DEFENDANT: Your Honor, not to shoot him, but just to maybe beat him up or something. Because I never in my life know how to use a gun.

Plea Transcript, p. 42.

below an objective standard of reasonableness," and second, that "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 688. In this regard, to demonstrate prejudice, petitioner must overcome the strong presumption that counsel rendered "adequate assistance and made all significant decisions in the exercise of reasonable judgment." *Id*. at 690.

For the reasons set forth above in Parts II and III, counsel was not ineffective in failing to raise a jurisdictional challenge to the offenses of conviction, as argued by petitioner, and petitioner did not suffer any prejudice by counsel's failure to do so.[7] Moreover, contrary to petitioner's assertions, his counsel clearly rendered effective assistance at sentencing where he filed a motion to depart downward from the sentencing guidelines range on petitioner's behalf, which motion was then granted in the course of the sentencing hearing. And, as a result of this motion for a downward departure, petitioner's offense level was reduced four levels, from 29 to 25, resulting in a guidelines range of imprisonment of 57 to 71 months, rather than 87 to 108 months as originally calculated by the probation officer. Moreover, despite petitioner's arguments to the contrary, he was not prejudiced by his counsel's failure to raise objections to the various sentencing enhancements applied by the probation officer in this case, and adopted by the Court in the course of the sentencing hearing, as the record reflects that such enhancements were fully supported by the facts knowingly and voluntarily admitted to by petitioner in the Statement of Facts entered into as part of his plea

---

[7] Counsel states in his lengthy sworn affidavit that "Mr. Vo told me that he wished not to contest the conspiracy charge, as their [sic] were just too many witnesses against him, and he wanted to plead guilty and cooperate in the hopes of earning a sentencing reduction." Counsel further states that he "believed that the robberies and other criminal acts involved affected commerce and that federal jurisdiction existed to prosecute this extensive interstate conspiracy...[as] the enterprise involved mainly targeted business owners, business proceeds and other articles which were engaged in commerce or traveled in interstate commerce, as well as the interstate travel of the enterprise's members in the course of committing the robberies."

agreement.[8]

In sum, a review of the record reveals that defense counsel provided adequate and effective assistance to petitioner at all stages of the instant proceedings "and made all significant decisions in the exercise of reasonable judgment." *Strickland*, 466 U.S. at 690. Petitioner's ineffective assistance of counsel claim must therefore be denied.

## V.

Petitioner's fourth and final § 2255 claim is that his sentence violated "Apprendi, Blakely and Booker." In *United States v. Booker*, ____ U.S. ____, 125 S. Ct. 738 (2005), the Supreme Court applied its *Apprendi*[9] line of decisions to hold that the United States Sentencing Guidelines violated the Sixth Amendment to the extent that they allowed a defendant's sentence to be increased based on findings of fact made by a judge (other than a prior conviction) rather than by a jury beyond a reasonable doubt, and that the proper remedy was to render the Sentencing Guidelines advisory. *See Booker*, 125 S. Ct. at 755-67. The Fourth Circuit recently joined all other circuits to have addressed the issue in holding that *Booker* does not apply retroactively to cases on collateral review such as that presented here. *See United States v. Morris,* ____ F. 3d ____, 2005 WL 2950732, at *3-4 (4th Cir. Nov. 7, 2005); *see also United States v. Hernandez*, 371 F. Supp. 2d 788 (E.D. Va. 2005) (holding that the *Booker* rule generally requiring that facts supporting an enhanced sentence be proved to a jury beyond a reasonable doubt or admitted by defendant did not apply retroactively so as to render

---

[8] Specifically, in addition to the standard grouping enhancement applicable to cases involving multiple counts of conviction, petitioner was assessed sentencing enhancements for possession of a firearm, restraint of a victim and a monetary loss of more than $50,000.

[9] *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt").

timely defendant's otherwise time-barred § 2255 motion to vacate, set aside or correct sentence). It follows, therefore, that petitioner's request for relief in light of *Booker* and *Apprendi* must be denied.

## VI.

Accordingly, for the foregoing reasons,

It is hereby **ORDERED** that petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

Should petitioner wish to appeal this Order, he must do so within 60 days, pursuant to Rules 3 and 4, Fed. R. App. P.

The Clerk is directed to send a copy of this Order to petitioner and all counsel of record.

/s/
_____
T. S. Ellis, III
United States District Judge

Alexandria, VA
December 6, 2005